SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven B. Lavender, | No. CV 06-2208-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Randell Goins, et al., | |
| Defendants. | |

On July 6, 2006, Plaintiff Steven B. Lavender, confined in the Maricopa County Fourth Avenue Jail, filed a "State Court Complaint" in the Maricopa County Superior Court. On September 13, 2006, Defendants Goins and the City of Phoenix Police Department filed a Notice of Removal removing this action from the Maricopa County Superior Court to the United States District Court for the District of Arizona. The filing fee was paid on September 15, 2006.

Defendants City of Phoenix Police Department and Goins filed an answer to the Complaint on September 12, 2006 (Doc. # 1 attachment #3 Exhibit B) and Defendant Peckins filed an Answer on October 2, 2006 (Doc. #5). On October 2, 2006, Defendant City of Phoenix Police Department filed a Motion to Dismiss it from the action on the grounds that it is a non-jural entity incapable of being sued (Doc. #6).

**TERMPSREF**

**I.  Removal**

There is no jurisdictional defect on the face of the Notice of Removal, and Plaintiff has not filed a motion to remand the case.  Therefore, the Court will screen the Complaint.

**II. Statutory Screening and Complaint**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

**III.  Complaint**

Plaintiff names the following Defendants: Officer Randell Goins, Officer Doug Peckins, the City of Phoenix Police Department, and Unknown. The Complaint contains six counts stemming from Plaintiff's arrest in January 2006.  In Count I, Plaintiff alleges use of excessive force by an officer.  In Count II, Plaintiff alleges a threat to his safety.  In Count III, Plaintiff alleges use of excessive force by an officer.  In Count IV, Plaintiff alleges that Defendants withheld evidence and falsified police reports.  In Count V, Plaintiff alleges a threat to his safety.  In Count VI, Plaintiff alleges malicious prosecution.

For relief, Plaintiff requests damages.

Counts I, II, and III state claims against Defendant Goins.

**IV.  Failure to State a Claim**

**A. Failure to Link Defendants Peckins, City of Phoenix Police Department, and Unknown to the Harm**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1  Count III is the only Count that alleges any specific conduct by Defendant Peckins, and
2  Count III alleges only that Defendant Peckins had Plaintiff's right arm during the arrest. This
3  is insufficient to state a claim of excessive force by Defendant Peckins.  In addition, Plaintiff
4  fails to identify in any of the Counts any specific conduct by either Defendant City of
5  Phoenix Police Department or Defendant Unknown. Defendants Peckins, City of Phoenix
6  Police Department, and Unknown will be dismissed.

**B.  Count IV**

Likewise, in Count IV Plaintiff fails to link the harm alleged to a specific Defendant. In Count IV he asserts that "Defendant(s) withheld evidence, and conspire[d] in unison to falsify report."  Plaintiff does not identify which Defendants acted in the manner described. Count IV fails to state a claim against any Defendant and will be dismissed.

**C.  Count V**

In Count V, Plaintiff alleges that  "Defendants employed by the City of Phoenix Police Department abused their position of authority with malicious intent to cause bodily harm. . . ."  This Count also fails to link specific Defendants to specific conduct.  Moreover, although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).

The allegations in Count V fail to state specific conduct by any Defendant and are vague and conclusory.  Count V fails to state a claim and will be dismissed.

**C.  Count VI**

Count VI alleges that Defendants are engaging in malicious prosecution.  To state a § 1983 claim challenging the validity of confinement or harm whose unlawfulness would make a conviction invalid, a plaintiff must show that his conviction has been favorably terminated.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued. Id. at 489. Thus, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated. Id. at 487; see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996); Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006); Harvey v. Waldron, 210 F.3d 1008, 1014-14 (9th Cir. 2000) (applying Heck to pending criminal charges).

Here, Plaintiff alleges prosecution on false charges. He has not alleged that the prosecution was favorably terminated. His claim is barred by Heck and will be dismissed. The Court notes that Plaintiff's remaining claims may also be barred by Heck.

**V. Motion**

Because the Court will dismiss the City of Phoenix Police Department, Defendant's Motion to Dismiss (Doc. #6) will be denied as moot.

**VI. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**B. Copies**

Plaintiff must serve counsel for Defendant a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### C. Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Because Defendants have already filed an answer to the Complaint, the Court will refer this action Magistrate Judge David K. Duncan for a scheduling order and further proceedings.

**IT IS THEREFORE ORDERED** as follows:

(1) Defendants Peckins, City of Phoenix Police Department, and Unknown and Counts IV, V, and VI are **dismissed** without prejudice.

(2) Defendant City of Phoenix Police Department's Motion to Dismiss (Doc. #6) is **denied**.

(3) This matter is referred to Magistrate Judge David K. Duncan pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 13th day of November, 2006.

David G. Campbell
United States District Judge

TERMPSREF