JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven B. Lavender,        ) | No. CV 06-2208-PHX-DGC (DKD) |
|                            ) |  |
|     Plaintiff,             ) | **ORDER** |
|                            ) |  |
| vs.                        ) |  |
|                            ) |  |
| Randell Goins, et al.,     ) |  |
|                            ) |  |
|     Defendants.            ) |  |
|                            ) |  |

Plaintiff Steven B. Lavender brought this civil rights action under 42 U.S.C. § 1983 against Randell Goins, a City of Phoenix Police Officer (Doc. #1, Ex. 1).[1] Defendant moved to dismiss the action under Heck v. Humphrey, 512 U.S. 477 (1994) (Doc. #25). The parties briefed the motion (Doc. ##48, 51), and Defendant filed a separate Motion for Summary Disposition (Doc. #41). The Court will deny both motions.

Also before the Court is Plaintiff's Motion for Leave to File an Amended Complaint, which Defendant opposed (Doc. ##49, 52). Because Plaintiff failed to lodge an original proposed First Amended Complaint, his motion will be denied.

**I.     Background**

Plaintiff's claim arose in January 2006 when he was arrested by Phoenix police (Doc. #1, Ex. A). Plaintiff alleged that Defendant – one of the arresting officers – used excessive

---

[1] Upon screening, the Court dismissed Defendants Peckins, City of Phoenix Police Department, and "Unknown Defendant" (Doc. #8).

force and threatened Plaintiff's safety (Counts I-III) (id. at 16-18).[2] According to Plaintiff, he was socializing with three friends in a parking lot when Defendant arrived, ran up behind Plaintiff with his weapon drawn, and began to verbally abuse Plaintiff (id. at 2-3). Defendant had his gun pointed at Plaintiff's head and Plaintiff complied with his instructions to turn around, stand still, and put his hands up. A taser was then fired at Plaintiff. Plaintiff saw the ark from the taser gun and – out of fear for his life – turned and ran (id. at 3–4). After running about 20 yards, he was tackled by Defendant who attempted to hold Plaintiff's head face down in a puddle (id. at 5). Plaintiff alleged that Defendant hit him in the face, mouth, and stomach (id.). Plaintiff informed Defendant that he had a gun tucked in the back of his pants; after it was removed, Plaintiff placed his hands behind his back and was cuffed (id. at 6-7). After he was cuffed, Defendant struck Plaintiff twice in the face with his fist (id. at 7). Plaintiff claimed that he suffered a broken tooth and bruising, and that his right eye was swollen shut (id. at 5, 8).

Plaintiff filed his Complaint in Maricopa County Superior Court on June 6, 2006 (Doc. #1, Ex. A, Superior Court Case No. CV 2006-010284).[3] In September 2006, Defendant removed the action to federal district court (Doc. ##1, 4). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendant Goins to answer the claims set forth in Counts I-III (Doc. #8). Defendant answered and then moved to dismiss the action on the ground that Plaintiff's claims are barred under Heck (Doc. #25). Defendant contended that Plaintiff was convicted of assault and resisting arrest for the same incident giving rise to this action (id. at 2). Defendant argued that because a finding in favor of Plaintiff on his claim of excessive force would imply the invalidity of his conviction, his action is precluded under Heck.

---

[2] The Court dismissed Counts IV-VI for failure to state a claim (Doc. #8).

[3] Under Houston v. Lack, 487 U.S. 266, 270-71 (1988), a complaint is deemed "filed" when handed by the prisoner to an official for mailing. To determine the filing date the Court looks at the date the prisoner signed the complaint.

- 2 -

The Court issued an order informing Plaintiff of his obligation to respond to Defendant's motion (Doc. #28). Because Plaintiff did not initially respond to the motion, Defendant moved for summary disposition (Doc. #41). Defendant requested that the Court construe Plaintiff's failure to respond as a consent to the granting of the motion (id.). Plaintiff then filed a motion seeking additional time to respond, asserting that court mail was routed to his prior address despite his having sent a notice of change of address to the Court (Doc. #46). The Court granted an extension and Plaintiff timely submitted a response memorandum (Doc. ##47, 52).

In his response, Plaintiff conceded that he was convicted of resisting arrest, but argued that Defendant used excessive force prior to any physical contact and during the initial investigative stop, at which time Plaintiff was not under arrest (Doc. #48 at 2, 5). Plaintiff further noted that he complied with Defendant's demands and was in the act of submitting with his hands up. Plaintiff argued that because Defendant was only making an investigatory stop, the use of weapons and handcuffs violated the Fourth Amendment (id. at 2). Plaintiff stated that he presented no physical resistance or threat that required Defendant to use force. As to the claims in Counts II and III, which related to the assault on Plaintiff after he was down on the ground, Plaintiff claimed that he only attempted to inform the officers that he had a gun and did nothing to warrant the beating he received from Defendant (id. at 3). Finally, Plaintiff noted that he will be appealing his criminal conviction (id.).

Defendant replied that Plaintiff merely presented a rendition of the underlying incident and that Plaintiff's account contradicts the jury findings in the criminal proceeding (Doc. #51). Defendant argued that Plaintiff cannot show that his conviction has been invalidated and therefore the case should be dismissed (id. at 2).

## II. Federal Rule of Civil Procedure 12(b)(6)

A motion brought under Rule 12(b)(6) is a challenge to the sufficiency of the pleading. For purposes of ruling on a Rule 12(b)(6) motion, the Court must take as true the material facts alleged in the complaint, Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the complaint in the light most favorable to Plaintiff. Meek

- 3 -

v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal construction of pleadings is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Yamguchi v. Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997).

**III.    Analysis**

    **A.    Motion for Summary Disposition**

The Court will deny the Motion for Summary Disposition (Doc. #41). The Court's Order granting Plaintiff additional time to respond to the Motion to Dismiss and Plaintiff's subsequent response moot the request to dismiss for failure to respond (see Doc. ##47-48).

    **B.    Motion to Dismiss under Heck**

To recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. In other words, if the conviction or sentence arises out of the same facts that underlie the alleged unlawful behavior for which damages are sought, the § 1983 suit must be dismissed. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). If a state prisoner seeks damages in a § 1983 suit, a district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if so, the complaint must be dismissed. Heck, 512 U.S. at 487.

The Ninth Circuit has addressed the circumstances under which Heck bars excessive

1 force claims arising out of an incident in which the plaintiff was convicted of resisting arrest. See Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir.) (en banc), cert. denied, 545 U.S. 1128 (2005). As the Smith opinion explained, an essential element of a conviction for resisting a peace officer pursuant to California law is that the police officer was "engaged in the performance of his official duties." Id. at 695. Under California law, this means that the police officer was engaged in "lawful" conduct, including not using excessive force. See id. at 695-96 (citing California state court decisions). Thus, if a plaintiff was convicted for resisting a police officer during the course of an arrest, his subsequent § 1983 claim that the police officer used excessive force during the course of that arrest would, if successful, undermine the conviction. Id. at 697-98. In such circumstances, the Heck bar applies. Id.

It is undisputed that Plaintiff was convicted of resisting arrest and that this conviction has not been expunged, reversed, invalidated or otherwise called into question (Doc. #48 at 2-3). Although Plaintiff's conviction in this case was under Arizona law rather than California law, this makes no difference for the present analysis. A defendant can only be convicted of resisting arrest in Arizona if the officer's conduct was "lawful" when effecting the arrest; an officer's conduct was not "lawful" if he used excessive force. See Ariz. Rev. Stat. 13-404(B)(2) (a person may not use physical force to resist arrest by an officer unless the physical forced used by the officer exceeds that allowed by law); State v. Fontes, 986 P.2d 897, 901 (Ariz. Ct. App. 1998) (if the force used to make the arrest is reasonable, the defendant is not justified in using physical force to resist the arrest); see also State v. Sanders, 575 P.2d 822, 826 (Ariz. Ct. App. 1978) (no unnecessary or unreasonable force shall be used in making an arrest and any excessive force used by an officer may be countered lawfully).

Smith drew a distinction between a plaintiff who resists officers prior to the arrest and a plaintiff who resists during the course of the arrest and accompanying application of force. Smith, 394 F.3d at 697-98. In Smith, the Court identified different "phases" of the encounter between the plaintiff and the officer, and held that if Smith's conviction was for his resisting the officers during the "investigative phase" – before the officers had begun to arrest and use force against him – then Heck did not bar his claims that the force was excessive. Id. at 698.

- 5 -

1  Likewise, if excessive force was used after a defendant was arrested, a § 1983 claim may
2  proceed despite the conviction for resisting arrest that was itself lawful. Id. at 969 (citing
3  Sanford v. Mottsu 258 F.3d 1117, 1119-20 (9th Cir. 2001) (finding that a successful § 1983
4  suit would not necessarily imply the invalidity of a resisting arrest conviction because the
5  officer's use of excessive force occurred subsequent to the conduct for which the defendant
6  was convicted). On the other hand, if Smith's conviction was for resisting the officers while
7  the officers were effecting arrest and using the purportedly excessive force, then Heck did
8  bar his claims that the officers used excessive force. Smith, 394 F.3d at 698-99.

9  Here, Plaintiff alleges that Defendant used excessive force in the "investigative
10 phase," during the arrest, and after the arrest was effected (Doc. #48 at 2-3, 5; Doc. #1, Ex.
11 A at 4-7). Defendant does not address these allegations. Instead, Defendant summarily
12 concludes that because the § 1983 claim is related to his conviction, which has not been
13 invalidated, his claim of excessive use of force is barred (Doc. #51 at 2). The Ninth Circuit
14 has held that "a § 1983 action is not barred under Heck unless it is clear from the record that
15 its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier
16 conviction was invalid." Smith, 394 F.3d at 699 (emphasis in original). Defendant has
17 provided no information regarding the factual basis for Plaintiff's conviction – information
18 as to which of Plaintiff's actions constituted the basis for his conviction. As a result, the
19 Court cannot determine whether success in this § 1983 action would necessarily imply the
20 invalidity of Plaintiff's conviction. Defendant's Motion to Dismiss is therefore denied.

21 **IV.    Motion to Amend**

22 In his Motion for Leave to File an Amended Complaint, Plaintiff has properly
23 indicated in what respect his proposed amended pleading differs from the original Complaint
24 (Doc. #49, Ex. A), but he has failed to lodge an original proposed amended pleading as
25 required under Local Rule of Civil Procedure 15.1(b). The Local Rule provides that the
26 original amended pleading shall *not* be physically attached or made an exhibit to the motion
27 to amend; rather, it must be filed separately as the "lodged First Amended Complaint." See
28 LRCiv 15.1(b). If the Court subsequently grants the motion to amend, then the lodged

amended pleading is docketed so that it may be referred to for all future proceedings. See LRCiv 15.1(c). Because Plaintiff has failed to comply with the Court's rules, his request for leave to amend will be denied without prejudice.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #25) is **denied.**

(2) Defendant's Motion for Summary Disposition (Doc. #41) is **denied**.

(3) Plaintiff's Motion for Leave to File Amended Complaint (Doc. #49) is **denied**.

DATED this 8th day of August, 2007.

David G. Campbell
United States District Judge